1
2
3
4                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
5                                AT TACOMA

6   ROBERT SHAWN LYNCH,

7                               Plaintiff,        No. C13-5289 RJB/KLS

8          v.                                     ORDER TO AMEND OR SHOW CAUSE

9   DEPARTMENT OF CORRECTIONS,

10                              Defendant.

11         Before the Court for review is Plaintiff's proposed civil rights complaint.  ECF No. 4.

12  Plaintiff has been granted leave to proceed *in forma pauperis*.  ECF No. 3.  The Court will not

13  direct service of Plaintiff's complaint at this time because it is deficient.  However, Plaintiff will

14  be given an opportunity to file an amended complaint.

15                                    **DISCUSSION**

16         Under the Prison Litigation Reform Act of 1995, the Court is required to screen

17  complaints brought by prisoners seeking relief against a governmental entity or officer or

18  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

19  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

20  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

21  defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

22  *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

23         A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

24  *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

25
26

ORDER TO AMEND OR SHOW CAUSE- 1

1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint

are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In other words, failure to present enough facts to state a claim for relief that is plausible on the

face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

     Although complaints are to be liberally construed in a plaintiff's favor, conclusory

allegations of the law, unsupported conclusions, and unwarranted inferences need not be

accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply

essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of*

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

     To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct

complained of was committed by a person acting under color of state law and (ii) the conduct

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981),

*overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the

appropriate avenue to remedy an alleged wrong only if both of these elements are present.

*Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).  In addition, in order to obtain relief

against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular defendant has

caused or personally participated in causing the deprivation of a particular protected

constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  To be liable for

ORDER TO AMEND OR SHOW CAUSE- 2

"causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff purports to sue the Department of Corrections (DOC) for negligence in the treatment of an injury to his right hand and finger. He seeks $297,000.00 and the placement of caution signs at gates. ECF No. 1-1, p. 4. Based on these allegations, Plaintiff has failed to state a viable claim under 42 U.S.C. § 1983.

Plaintiff's complaint is defective because he has named only the DOC as a defendant. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." Will *v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Likewise, "arms of the State" such as the Department of Corrections are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id*., at 70. Accordingly, claims against the DOC would be subject to dismissal.

Plaintiff's complaint is also defective because he claims only negligence. A claim of negligence is not a constitutional violation. To establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*. Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

ORDER TO AMEND OR SHOW CAUSE- 3

Plaintiff will be given an opportunity to file an amended complaint to cure, if possible, the deficiencies noted above.  In the amended complaint, Plaintiff must set forth facts describing: (1) the constitutional right Plaintiff believes was violated; (2) name of the person or persons who violated the right; (3) exactly what the individual or individuals did or failed to do; (4) how the action or inaction of that person or persons is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

If the person named as a defendant is a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff, and also state facts to support this claim.  See *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference.  An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  Thus, once Plaintiff files an amended complaint, the original complaint will no longer serve any function in this case and reference to the original complaint is unacceptable.

ORDER TO AMEND OR SHOW CAUSE- 4

Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.  The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **May 31, 2013**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

**DATED** this  24th   day of April, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 5