1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SHAWN LYNCH,

                                        Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, R.
NUTT,

                                        Defendants.

No. C13-5289 RJB/KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF
COUNSEL

        Before the Court is Plaintiff's motion for the appointment of counsel.  ECF No. 12.

Having carefully reviewed the motion, Defendants' opposition (ECF No. 13), and balance of the

record, the Court finds that the motion should be denied.

**DISCUSSION**

        No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

ORDER - 1

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.

*Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

facts during litigation.  But, if all that was required to establish the complexity of the relevant

issues was a demonstration of the need for development of further facts, then practically all cases

would involve complex legal issues.  *Id.*

Plaintiff alleges that he injured his middle finger when he closed a barred gate on it. The

only defendant is the Department of Corrections.  ECF No. 6.  Plaintiff requests the appointment

of counsel because he is indigent and has been unable to find counsel to take his case.  ECF No.

12.  These are not exceptional circumstances.

Plaintiff has clearly shown an ability to articulate his claims in a clear fashion

understandable to the Court. In addition, this case does not involve complex facts or law and

Plaintiff has yet to show that he is likely to succeed on the merits of his case.

Plaintiff has failed in his burden to demonstrate an inability to present his claims to this

Court without counsel and has failed to demonstrate that exceptional circumstances exist to

justify the appointment of counsel.

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion for counsel (ECF No. 12) is **DENIED.**

ORDER - 2

(2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.


**DATED** this   3rd   day of October, 2013.


Karen L. Strombom
United States Magistrate Judge

ORDER - 3