UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SHAWN LYNCH,<br><br>            Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF CORRECTIONS et al,<br><br>            Defendants. | CASE NO. C13-5289 RJB-KLS<br><br>ORDER |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's motion for an extension of time to "file" discovery. ECF No. 15. After reviewing plaintiff's motion and the balance of the record, the Court finds and ORDERS as follows:

The Court has broad discretionary power to control discovery and the standard of review is abuse of discretion. *Little v. Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). The Federal Rules of Civil Procedure and this Court's Local Rules provide that discovery should not be filed with the Court unless it is being used as an exhibit attached to a motion or the discovery is being used in trial. *See* Fed. R. Civ. P. 5(d)(1) and Local Rule 5(b). To the extent that plaintiff may be asking for additional time to conduct discovery the motion is unopposed. Accordingly, The Court

ORDER- 1

grants plaintiff's motion for an extension of time to conduct discovery (ECF No. 15).  *see* Local Rule 7(2).  Granting this motion necessitates revising the scheduling order in this case.

<u>Discovery</u>

All discovery shall be completed by March 14, 2014. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date.  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories.  The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

<u>Motions</u>

Any dispositive motion shall be filed and served on or before May 9, 2014.  A party must file with the motion a supporting memorandum.  The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the Court's calendar.  That date shall be the fourth Friday following filing of the dispositive motion.  All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7.  If a party fails to file and serve timely opposition to a motion, the Court may deem any opposition to be without merit.  The party making the motion may file a reply to the opposing party's briefs and affidavits, which also shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7.  If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no

genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies).

Defendants who file motions to dismiss (for failure to exhaust administrative remedies) or motions for summary judgment **MUST serve *Rand* and *Wyatt* notices concurrently with their motions so that pro se prisoner plaintiff will have fair, timely and adequate notice of what is required in order to oppose those motions.** *Woods v. Carey*, **684 F.3d 934, 934 (9th Cir. 2012).** Notices may also note that "Local Rule CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit." **If Defendants fail to file and serve the *Rand* and *Wyatt* notice on the Plaintiff, in a separate document concurrent with their motion, the motion may be stricken from the Court's docket with leave to refile once Defendants have complied with the notice requirement.**

Joint Status Report

Counsel and pro se parties are directed to confer and provide the Court with a joint status report by no later than September 19, 2014. The joint status report shall contain the following information by corresponding paragraph numbers:

ORDER- 3

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness;

5. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

7. Any other suggestions for shortening or simplifying the trial in the case;

8. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

9. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

10. Whether the trial will be jury or non-jury;

11. The number of trial days required, and suggestions for shortening trial;

12. The names, addresses, and telephone numbers of all trial counsel and unrepresented (*pro se*) parties who intend to appear at trail.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. Separate reports are not to be filed. Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for initiating communications for the preparation of the joint status report.

Proof of Service & Sanctions

ORDER- 4

1   All motions, pretrial statements and other filings shall be accompanied by proof that such
2 documents have been served upon counsel for the opposing party (or upon any party acting *pro*
3 *se*). The proof shall show the day and manner of service and may be by written acknowledgment
4 of service, by certificate of a member of the bar of this Court, by affidavit of the person who
5 served the papers, or by any other proof satisfactory to the Courts. Such proof of service shall
6 accompany both the original and duplicates filed with the Clerk. Failure to comply with the
7 provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.
8   The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for
9 Defendant(s).
10   Dated this 26 day of November, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER- 5